UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

NANCY HICKS,

      Plaintiff,

v.

NCL (BAHAMAS) LTD.,
PORTS AMERICA, INC.; and
XYZ CORPORATION

      Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff sues Defendants and alleges:

### **PRELIMINARY ALLEGATIONS**

1. Plaintiff, NANCY HICKS, is a citizen and resident of the State of Georgia.

2. Defendant, NCL (BAHAMAS) LTD. ("Defendant"), is a corporation incorporated in Bermuda with its principal place of business and worldwide headquarters in Miami, Florida.

3. Defendant, PORTS AMERICA, INC. (hereinafter "PORTS AMERICA"), is a foreign corporation which provides cruise terminal management, operation and stevedoring services for cruise terminals and conducts business in Miami, Florida.

4. Defendant XYZ CORPORATION ("XYZ CORP") is included to represent the owner(s) and/or operator(s) which provides cruise terminal services for embarkation, safety and security services at cruise terminals. In the event discovery reveals different and/or additional entities that contributed to the cruise terminal services, the legal names of the entities will be substituted for

L I P C O N ,   M A R G U L I E S   &   W I N K L E M A N ,   P . A .

XYZ CORPORATION.

5.   The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.  In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

6.   This matter falls under the admiralty and maritime jurisdiction of this Court.

a.   The Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333.  This action is being pursued in this Court, as opposed to state court as otherwise allowed by the Saving to Suitors Clause of 28 U.S.C. §1333 because Defendant, NCL unilaterally inserts a forum clause into its cruise tickets that requires its passengers to file cruise-related suits *only in this Federal District and Division,* as opposed to any other place in the world.

7.   Defendant(s), at all times material hereto, personally or through an agent:

a.   Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b.   Was engaged in substantial activity within this state;

c.   Operated vessels in the waters of this state;

d.   Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e.   The acts of the Defendant(s) set out in this Complaint occurred in whole or in part in this county and/or state;

f.   The Defendant(s) agreed to jurisdiction in a court of competent jurisdiction in Miami-Dade, Florida for the acts set out in this Complaint;

8.   Defendant(s) is(are) subject to the jurisdiction of the Courts of this state.

9.   The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8.   The Defendant NCL was and is engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Norwegian Gem,* which included the safe ingress and egress of vessels.

9.   At all times material hereto, Defendant NCL owned, operated, managed, maintained and/or controlled the vessel, the *Norwegian Gem.*

10. At all times material hereto, Defendant NCL owned, operated, managed, maintained and/or controlled the Norwegian Cruise Terminal located in Port of Miami ("NCL Terminal"), including, but not limited to, the escalators which passengers were directed and required to use in order to board Defendant's vessels.

11. Defendant NCL had a non-delegable duty to provide its passengers, including the Plaintiff, with reasonably safe means to board its vessels at the NCL Terminal.

12. Defendant NCL contracted with Defendants PORT AMERICA and XYZ CORP for embarkation/ disembarkation, safety and security services at various ports, including the NCL Terminal.

13. Defendants NCL, PORT AMERICA and/or XYZ CORP undertook the duty to supervise, control, direct and provide reasonably safe means for the embarkation of passengers, including the Plaintiff at the NCL Terminal.

14. Defendants had experienced and had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels.  Defendants anticipated and foresaw that such passengers would continue to use the escalators in the NCL

Terminal to embark vessels.

15. Defendants knew, or should have known from previous experience that the escalators said passengers were directed and required to use, could present a hazardous risk to its elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations.

16. On or about August 29, 2021, the Plaintiff was a paying passenger and business invitee at the NCL Terminal attempting to board the *Norwegian Gem*, which was in navigable waters.

17. In order to board the *Norwegian Gem*, Defendants directed passengers, including the Plaintiff, to utilize an escalator ("the subject escalator") leading up to the gangway.

18. As the Plaintiff was directed, by the Defendants, towards the subject escalator the Plaintiff advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or other assistance with her carry-on bags.

19. Defendants disregarded Plaintiff's request to use an elevator and instead instructed the Plaintiff to keep walking towards the subject escalator and to use the subject escalator to gain access to the gangway to board the vessel.  Defendants offered no assistance to the Plaintiff.

20. On or about August 29, 2021, as directed by the Defendants, the Plaintiff was on the subject escalator when Plaintiff lost her balance and fell backwards down the subject escalator causing her strike her neck, back and ankle and suffer severe injuries.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST NCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

21. At all times material hereto, it was the duty of Defendant NCL to provide Plaintiff with reasonable care under the circumstances, which includes a non-delegable duty to provide safe ingress and egress to and from the vessel.  *McBride v. Carnival Corporation*, 2019 WL

3503338 (S.D. Fla. August 1, 2019).

22. At all times material hereto, it was the non-delegable duty of Defendant NCL to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant NCL in places where passengers (like Plaintiff) are invited to or may reasonably be expected to be.

23. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

24. On or about August 29, 2021, Plaintiff was in the NCL Terminal and in the process of embarking the *Norwegian Gem*, which is a place that Plaintiff was invited to by Defendant NCL and a place Defendant NCL reasonably expected Plaintiff to be.

25. On or about August 29, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and provide reasonably safe means for embarkation of the vessel.

26. On or about August 29, 2021, NCL and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a.  Failure to adequately warn the Plaintiff of the dangerous conditions and/or risks associated with participating in the subject boarding process; and/or

    b.  Failure to adequately warn the Plaintiff that there would be an insufficient amount of employees, agents, affiliates, partners, and/or representatives monitoring, and/or supervising the subject boarding process so that passengers could participate in the subject boarding process in a reasonably safe manner; and/or

    c.  Failure to adequately warn the Plaintiff that there would be an insufficient assistance

during the subject boarding process so that passengers could participate in the subject boarding process in a reasonably safe manner; and/or

d. Failure to adequately warn the Plaintiff that that Defendant's employees, agents, affiliates, partners, and/or representatives were not properly trained, instructed, and/or supervised to assist passengers participating in the subject boarding process; and/or

e. Failure to warn the Plaintiff that there would not be alternative means available for her to board the subject vessel in a reasonably safe manner; and/or

f. Failure to warn of other accidents previously occurring in same area and/or under substantially similar circumstances; and/or

g. Failure to warn of other incidents previously occurring while embarking the vessel.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured which Defendant NCL and/or its employees, agents, affiliates, partners, and/or representatives knew or should have known about which Defendant NCL should have adequately warned and/or communicated to the Plaintiff.

28. At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Gem* and the NCL Terminal where Plaintiff's incident occurred.

29. At all times material hereto, Defendant violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

30. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the

exercise of reasonable care under the circumstances, should have learned of them and corrected them.

31. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s) wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.  Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

32.  As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO WARN AGAINST PORTS AMERICA

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

33. At all times material hereto, it was the duty of Defendant PORTS AMERICA to provide Plaintiff with reasonable care under the circumstances.

34. At all times material hereto, it was the non-delegable duty of PORTS AMERICA to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant PORTS AMERICA in places where passengers (like Plaintiff) are invited to or may reasonably be expected to be.

35. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

36. On or about August 29, 2021, Plaintiff was in the NCL Terminal and in the process of embarking the *Norwegian Gem*, which is a place that Plaintiff was invited to by Defendant PORTS AMERICA and a place Defendant PORTS AMERICA reasonably expected Plaintiff to be.

37. On or about August 29, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and provide reasonably safe means for embarkation of the vessel.

38. On or about August 29, 2021, PORTS AMERICA and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

   a. Failure to adequately warn the Plaintiff of the dangerous conditions and/or risks associated with participating in the subject boarding process; and/or

   b. Failure to adequately warn the Plaintiff that there would be an insufficient amount of employees, agents, affiliates, partners, and/or representatives monitoring, and/or supervising the subject boarding process so that passengers could participate in the subject boarding process in a reasonably safe manner; and/or

   c. Failure to adequately warn the Plaintiff that there would be an insufficient assistance

during the subject boarding process so that passengers could participate in the subject boarding process in a reasonably safe manner; and/or

d. Failure to adequately warn the Plaintiff that that Defendant's employees, agents, affiliates, partners, and/or representatives were not properly trained, instructed, and/or supervised to assist passengers participating in the subject boarding process; and/or

e. Failure to warn the Plaintiff that there would not be alternative means available for her to board the subject vessel in a reasonably safe manner; and/or

f. Failure to warn of other accidents previously occurring in same area and/or under substantially similar circumstances; and/or

g. Failure to warn of other incidents previously occurring while embarking the vessel.

39. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured which Defendant PORTS AMERICA and/or its employees, agents, affiliates, partners, and/or representatives knew or should have known about which Defendant PORTS AMERICA should have adequately warned and/or communicated to the Plaintiff.

40. At all times material hereto, Defendant had exclusive custody and control of the NCL Terminal where Plaintiff's incident occurred.

41. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

42. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s)

wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.  Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

43.  As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT III – NEGLIGENT MODE OF OPERATION AGAINST NCL

44. Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

45. At all times material, it was the non-delegable duty of NCL to provide Plaintiff with reasonable care under the circumstances.  This non-delegable duty includes a duty to provide safe ingress and egress from and to the vessel.  *McBride v. Carnival Corporation*, 2019 WL 3503338 (S.D. Fla. August 1, 2019).

46. Alternatively, at all material times, Defendant and/or its employees, engaged in certain

affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

47. On or about August 29, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and provide reasonably safe means for embarkation of the vessel.

48. On or about August 29, 2021, Defendant NCL and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a.  Failure to provide a reasonably safe means of boarding the subject vessel, and more specifically boarding from the NCL Terminal onto the *Norwegian Gem*; and/or

    b.  Failure to conduct the subject boarding process in a reasonably safe manner so as to prevent those passengers with limitations from using the subject escalator; and/or

    c.  Failure to conduct the boarding process in a reasonably safe manner so as to ensure that those passengers with limitations were provided with an alternative means of boarding the subject vessel, such as via nearby elevators; and/or

    d.  Failure to adequately assist passengers participating in the subject boarding process; and/or

    e.  Failure to adequately station crewmembers throughout the NCL Terminal in such a manner so they would guide/direct those passengers with limitations or those requiring or requesting assistance towards the nearby elevators; and/or

    f.  Failure to adequately organize the NCL Terminal embarkation process so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident; and/or

    g.  Failure to adequately instruct, monitor and/or supervise the subject boarding process

and/or passengers embarking the subject vessel so as to eliminate, modify and/or remedy the hazards(s) which caused Plaintiff's incident; and/or

h.  Failure to provide adequate crowd control measures prior to and/or during the subject boarding process so as to ensure that those passengers with limitations and/or those requiring or requesting assistance were identified, separated from the masses and provided with an alternative means of boarding the subject vessel.

49. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for NCL's failure to adequately conduct the subject boarding process.

50. At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Gem* and the NCL Terminal where Plaintiff's incident occurred.

51.  At all times material hereto, Defendant violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

52. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

53. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s) wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.  Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing

luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

54.   As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT IV –NEGLIGENT MODE OF OPERATION AGAINST PORTS AMERICA

55. Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

56. At all times material, it was the non-delegable duty of PORTS AMERICA to provide Plaintiff with reasonable care under the circumstances.

57. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

58. On or about August 29, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and provide reasonably safe means for embarkation of the vessel.

59. On or about August 29, 2021, Defendant PORTS AMERICA and/or its agents, servants

and/or employees breached its duty through the following acts and/or omissions:

i.  Failure to provide a reasonably safe means of boarding the subject vessel, and more specifically boarding from the NCL Terminal onto the *Norwegian Gem*; and/or

j.  Failure to conduct the subject boarding process in a reasonably safe manner so as to prevent those passengers with limitations from using the subject escalator; and/or

k.  Failure to conduct the boarding process in a reasonably safe manner so as to ensure that those passengers with limitations were provided with an alternative means of boarding the subject vessel, such as via nearby elevators; and/or

l.  Failure to adequately assist passengers participating in the subject boarding process; and/or

m.  Failure to adequately station staff throughout the NCL Terminal in such a manner so they would guide/direct those passengers with limitations or those requiring or requesting assistance towards the nearby elevators; and/or

n.  Failure to adequately organize the NCL Terminal embarkation process so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident; and/or

o.  Failure to adequately instruct, monitor and/or supervise the subject boarding process and/or passengers embarking the subject vessel so as to eliminate, modify and/or remedy the hazards(s) which caused Plaintiff's incident; and/or

p.  Failure to provide adequate crowd control measures prior to and/or during the subject boarding process so as to ensure that those passengers with limitations and/or those requiring or requesting assistance were identified, separated from the masses and provided with an alternative means of boarding the subject vessel.

60. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for PORTS AMERICA's failure to adequately conduct the subject boarding process.

61. At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Gem* and the NCL Terminal where Plaintiff's incident occurred.

62. At all times material hereto, Defendant violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

63. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

64. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s) wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.   Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

65. As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical

expenses in the care and treatment of Plaintiff's injuries. The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future. In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

WHEREFORE, the Plaintiff demands judgment for all damages recoverable under the law against the Defendant and demands trial by jury.

## COUNT V – GENERAL NEGLIGENCE OF NCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

66. At all times material, it was the non-delegable duty of NCL to provide Plaintiff with reasonable care under the circumstances. This non-delegable duty includes a duty to provide safe ingress and egress from and to the vessel. *McBride v. Carnival Corporation*, 2019 WL 3503338 (S.D. Fla. August 1, 2019).

67. Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

68. On or about August 29, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and provide reasonably safe means for embarkation of the vessel.

69. On or about August 29, 2021, Defendant NCL and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a. Failure to provide passengers, including Plaintiff, with reasonably safe access to the subject vessel; and/or

    b. Failing to provide passengers, including the Plaintiff reasonably safe means of

embarking on the subject vessel; and/or

c.   Failure to ascertain the cause of prior similar accidents so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

d.   Failure to ensure that Defendant's employees, agents, affiliates, partners, and/or representatives adequately monitored the subject boarding process so as to avoid injuries to cruise passengers such as Plaintiff; and/or

e.   Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff's request to use an elevator; and/or

f.   Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff notifying the Defendant of her inability to safely use the subject escalator; and/or

g.   Directing/instructing the Plaintiff to go onto the subject escalator, despite Plaintiff's request to use an elevator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

h.   Directing/instructing the Plaintiff to go onto the subject escalator, despite the Plaintiff notifying the Defendant of her inability to use the subject escalator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

i.   Directing/instructing Plaintiff to go onto the subject escalator, despite the availability of a nearby elevator; and/or

j.   Failing to require that passengers of a certain age and/or physical ability board the subject vessel using the nearby elevator and/or without using the subject escalator; and/or

k.  Failing to require that persons carrying heavy luggage and/or CPAP machine, such as Plaintiff, board the subject vessel using an alternative means of embarkation; and/or

l.  Failing to provide passengers of all ages and/or physical abilities, including Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions, and/or;

m.  Failing to provide passengers carrying heavy luggage and/or CPAP machine, such as Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions; and/or

n.  Failing to provide Plaintiff with adequate assistance in boarding the vessel safely; and/or

o.  Failure to promulgate and/or enforce adequate policies, procedures, and/or standards to ensure that crewmembers are adequately monitoring and/or supervising passengers during the subject boarding process; and/or

p.  Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the subject boarding process is conducted in a reasonably safe manner so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident; and/or

q.  Failing to promulgate and/or enforce adequate policies and/or procedures with regard to the safe embarkation of passengers aboard its vessels; and/or

r.  Failing to perform a duty it had undertaken to supervise, direct and control passengers attempting to board its vessel so that they did not come to harm; and/or

s.  Other acts or omissions constituting a breach of the duty to use reasonable care under

the circumstances which are revealed through discovery.

70. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for NCL's failure to adequately conduct the subject boarding process.

71. At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Gem* and the NCL Terminal where Plaintiff's incident occurred.

72. At all times material hereto, Defendant violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

73. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

74. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s) wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.  Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

75. As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous

disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

## <u>COUNT VI – GENERAL NEGLIGENCE OF PORTS AMERICA</u>

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

76. At all times material, it was the non-delegable duty of PORTS AMERICA to provide Plaintiff with reasonable care under the circumstances.

77.  Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

78.  On or about August 29, 2021, Defendant and/or its agents, servants, and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances and provide reasonably safe means for embarkation of the vessel.

79.  On or about August 29, 2021, Defendant PORTS AMERICA and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

    a.  Failure to provide passengers, including Plaintiff, with reasonably safe access to the subject vessel; and/or

    b.  Failing to provide passengers, including the Plaintiff reasonably safe means of embarking on the subject vessel; and/or

    c.  Failure to ascertain the cause of prior similar accidents so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident;

and/or

d. Failure to ensure that Defendant's employees, agents, affiliates, partners, and/or representatives adequately monitored the subject boarding process so as to avoid injuries to cruise passengers such as Plaintiff; and/or

e. Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff's request to use an elevator; and/or

f. Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff notifying the Defendant of her inability to safely use the subject escalator; and/or

g. Directing/instructing the Plaintiff to go onto the subject escalator, despite Plaintiff's request to use an elevator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

h. Directing/instructing the Plaintiff to go onto the subject escalator, despite the Plaintiff notifying the Defendant of her inability to use the subject escalator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

i. Directing/instructing Plaintiff to go onto the subject escalator, despite the availability of a nearby elevator; and/or

j. Failing to require that passengers of a certain age and/or physical ability board the subject vessel using the nearby elevator and/or without using the subject escalator; and/or

k. Failing to require that persons carrying heavy luggage and/or CPAP machine, such as Plaintiff, board the subject vessel using an alternative means of embarkation; and/or

l.  Failing to provide passengers of all ages and/or physical abilities, including Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions, and/or;

m.  Failing to provide passengers carrying heavy luggage and/or CPAP machine, such as Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions; and/or

n.  Failing to provide Plaintiff with adequate assistance in boarding the vessel safely; and/or

o.  Failure to promulgate and/or enforce adequate policies, procedures, and/or standards to ensure that crewmembers are adequately monitoring and/or supervising passengers during the subject boarding process; and/or

p.  Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the subject boarding process is conducted in a reasonably safe manner so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident; and/or

q.  Failing to promulgate and/or enforce adequate policies and/or procedures with regard to the safe embarkation of passengers aboard its vessels; and/or

r.  Failing to perform a duty it had undertaken to supervise, direct and control passengers attempting to board its vessel so that they did not come to harm; and/or

s.  Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

80. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for PORTS

AMERICA's failure to adequately conduct the subject boarding process.

81. At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Gem* and the NCL Terminal where Plaintiff's incident occurred.

82. At all times material hereto, Defendant violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

83. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

84. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s) wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.  Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

85. As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the

Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

## COUNT VII – VICARIOUS LIABILITY OF NCL

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through twenty (20) as though alleged originally herein.

86. At all times material, it was the non-delegable duty of NCL to provide Plaintiff with reasonable care under the circumstances.  This non-delegable duty includes a duty to provide safe ingress and egress from and to the vessel.  *McBride v. Carnival Corporation*, 2019 WL 3503338 (S.D. Fla. August 1, 2019).

87.  Alternatively, at all material times, Defendant and/or its employees, engaged in certain affirmative undertakings, as hereafter alleged; and in doing so acquired a duty to exercise reasonable care in those undertakings.

88. On or about August 29, 2021, Defendant NCL and/or its agents, servants and/or employees breached its duty to provide the Plaintiff with reasonable care under the circumstances.

89. On or about August 29, 2021, the Plaintiff was injured, due to the fault and/or negligence of Defendant NCL and/or agents, servants and/or employees, as follows:

    a.  Failure to provide passengers, including Plaintiff, with reasonably safe access to the subject vessel; and/or

    b.  Failing to provide passengers, including the Plaintiff reasonably safe means of embarking on the subject vessel; and/or

    c.  Failure to ascertain the cause of prior similar accidents so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident; and/or

d.  Failure to ensure that Defendant's employees, agents, affiliates, partners, and/or representatives adequately monitored the subject boarding process so as to avoid injuries to cruise passengers such as Plaintiff; and/or

e.  Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff's request to use an elevator; and/or

f.  Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff notifying the Defendant of her inability to safely use the subject escalator; and/or

g.  Directing/instructing the Plaintiff to go onto the subject escalator, despite Plaintiff's request to use an elevator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

h.  Directing/instructing the Plaintiff to go onto the subject escalator, despite the Plaintiff notifying the Defendant of her inability to use the subject escalator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

i.  Directing/instructing Plaintiff to go onto the subject escalator, despite the availability of a nearby elevator; and/or

j.  Failing to require that passengers of a certain age and/or physical ability board the subject vessel using the nearby elevator and/or without using the subject escalator; and/or

k.  Failing to require that persons carrying heavy luggage and/or CPAP machine, such as Plaintiff, board the subject vessel using an alternative means of embarkation; and/or

l.  Failing to provide passengers of all ages and/or physical abilities, including

Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions, and/or;

m.  Failing to provide passengers carrying heavy luggage and/or CPAP machine, such as Plaintiff, with reasonably safe access to the subject vessel free of hazardous conditions; and/or

n.  Failing to provide Plaintiff with adequate assistance in boarding the vessel safely; and/or

o.  Failure to promulgate and/or enforce adequate policies, procedures, and/or standards to ensure that crewmembers are adequately monitoring and/or supervising passengers during the subject boarding process; and/or

p.  Failure to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the subject boarding process is conducted in a reasonably safe manner so as to eliminate, modify and/or remedy the hazard(s) which caused Plaintiff's incident; and/or

q.  Failing to promulgate and/or enforce adequate policies and/or procedures with regard to the safe embarkation of passengers aboard its vessels; and/or

r.  Failing to perform a duty it had undertaken to supervise, direct and control passengers attempting to board its vessel so that they did not come to harm; and/or

s.  Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

90. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for NCL's failure to adequately conduct the subject boarding process.

91. At all times material hereto, Defendant had exclusive custody and control of the *Norwegian Gem* and the NCL Terminal where Plaintiff's incident occurred.

92. At all times material hereto, Defendant violated the International Safety Management Code's goals and intent and failed to properly, adequately and safely implement the International Safety Management Code, and by extension, its own SQM Manual.

93. Defendant knew of the foregoing conditions causing the Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

94. Upon information and belief, Defendant was aware of and/or on notice of prior incident(s) wherein passengers were caused to fall on an(a) escalator(s) in the NCL Terminal.  Defendant had actual knowledge that passengers of all ages, including elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations, used the escalators in the NCL Terminal to embark vessels. Defendant was further aware of passengers carrying and/or bringing luggage on escalators all of which created a foreseeably hazardous condition and risk of falling and injury.

95.  As a result of the negligence of Defendant, the Plaintiff was injured about her body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, physical handicap, post-traumatic stress disorder and other mental and/or nervous disorders, suffered the aggravation of any previously existing conditions and incurred medical expenses in the care and treatment of Plaintiff's injuries.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.  In addition, the Plaintiff lost the benefit of the Plaintiff's vacation, cruise, and transportation costs.

Dated: July 13, 2022                    Respectfully submitted,

                                        LIPCON, MARGULIES
                                        & WINKLEMAN, P.A.
                                        *Attorneys for Plaintiff*
                                        One Biscayne Tower, Suite 1776
                                        2 S. Biscayne Boulevard
                                        Miami, Florida 33131
                                        Telephone No.: (305) 373-3016
                                        Facsimile No.: (305) 373-6204

                                  By:   */s/ Brett A. Silvers*_____
                                        **JASON R. MARGULIES**
                                        Florida Bar No. 57916
                                        jmargulies@lipcon.com
                                        **CAROL FINKLEHOFFE**
                                        Florida Bar No. 0015903
                                        cfinklehoffe@lipcon.com
                                        **BRETT A. SILVERS**
                                        Florida Bar No. 1031877
                                        bsilvers@lipcon.com