**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 1:22-cv-22152-JEM**

| |
|---|
| NANCY HICKS,<br><br>   Plaintiff,<br>v.<br><br>NCL (BAHAMAS) LTD.,<br>PORTS AMERICA, INC.,<br>SMS INTERNATIONAL SHORE<br>OPERATIONS US, INC.,<br>AMERICAN GUARD SERVICES, INC.;<br>and XYZ CORPORATION<br><br>   Defendants. |

**DEFENDANT SMS INTERNATIONAL SHORE OPERATIONS US, INC.'S
<u>MOTION TO DISMISS</u>**

  Defendant, SMS International Shore Operations US, Inc. ("SMS"), by and through undersigned counsel, respectfully moves this Court to dismiss all claims asserted against it in Counts II, IV and V of Plaintiff's Amended Complaint, pursuant to Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6), and states as follows:

<u>**INTRODUCTION**</u>

  This is a negligence action in which Plaintiff, Nancy Hicks ("Hicks" or "Plaintiff"), alleges she was seriously injured as a result of using an escalator during the embarkation process on a cruise ship. Plaintiff asserts three causes of action against SMS: negligence and failure to warn (Count II); general negligence (Count IV); and breach of warranty of workmanlike performance (Count V).

1

Plaintiff's Amended Complaint should be dismissed in its entirety against SMS as an impermissible shotgun pleading, violating the requirements of Fed. R. Civ. P. 8(a)(2) to be a short and plain recitation of her claims against Defendants in a manner in which it can be determined what each Defendant is alleged to have done, and what facts (as opposed to conclusory allegations) support those claims. The Amended Complaint also violates the one-claim-per-count rule and fails to identify facts which would be sufficient to set forth her negligence and breach of warranty claims against SMS.

Accordingly, the Court should dismiss all of Plaintiff's claims against SMS pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND

The Amended Complaint alleges that Plaintiff purchased a vacation cruise aboard the vessel *Norwegian Gem* from Defendant, NCL (Bahamas) Ltd. ("NCL"). Amended Complaint ("Am. Compl.") ECF No. 7 ¶¶ 1-2, 8, 16. "NCL owned, operated, managed, maintained, and/or controlled the Norwegian Cruise Terminal located in Port of Miami ("NCL Terminal"), including but not limited to, the escalators which passengers were directed and required to use in order to board Defendant NCL's vessels." *Id.* ¶ 10. According to Plaintiff, NCL had a non-delegable duty to provide its passengers, including Hicks, with a reasonably safe means of boarding the vessel. *Id.* ¶ 11.

On or about August 29, 2021, when Hicks was boarding the *Norwegian Gem*, "Defendants directed passengers, including [Hicks], to utilize an escalator ('the subject escalator') leading up the gangway." *Id.* ¶¶ 16-17. Hicks alleges that she "advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or other assistance with her carry-on bags." *Id.* ¶ 18. According to Hicks, "Defendants disregarded

2

[Hicks'] request to use an elevator and instead instructed" her to use the escalator, without offering any assistance to her. *Id.* ¶ 19. When Hicks used the escalator, she alleges to have lost her balance and fallen backwards, "causing her to strike her neck, back and ankle and suffer severe injuries." *Id.* ¶ 20.

Plaintiff's Amended Complaint contains a confusing recitation of various duties allegedly placed on Defendants, including SMS, with which Plaintiff claims, albeit mistakenly, they did not comply. For instance, Plaintiff alleges that "Defendants NCL, Port American, SMS International, AGS, and/or XYZ Corp undertook the duty to supervise, control, direct and provide reasonably safe means for the embarkation of passengers, including [Hicks] at the NCL Terminal." *Id.* ¶ 13. Plaintiff also alleges that "Defendants know or should have known from previous experience that the escalators… could present a hazardous risk to its elderly passengers, passengers with mobility and/or physical disabilities or other physical limitations." *Id.* ¶ 15. Although there are five Defendants named in the Amended Complaint, Plaintiff contends throughout the pleading, that a "Defendant" —without specifying which one—had exclusive custody and control of the Norwegian Gem and the NCL Terminal where [Hick's] incident occurred." *Id.* ¶¶ 28, 40, 49, 59, 76.

Plaintiff also alleges that it was the material duty of the Defendant Port Entities[1] to provide Hicks with reasonable care under the circumstances, with a non-delegable duty to warn passengers of known dangers. *Id.* ¶¶ 33-35, 54-56. Hicks contends the Defendant Port Entities breached their duty to warn her in seven different ways: by failing to adequately warn her of the dangerous conditions or risks associated with using an escalator, failing to warn her that there would be insufficient employees supervising the boarding process, failing to adequately warn her that there

---

[1] Port Entities are defined as Defendants Port America, Inc., SMS, American Guard Services, Inc., and XYZ Corporation (which may include the owner(s) or operator(s) of the cruise terminal services). Am. Compl. ¶¶ 6-7.

would be insufficient assistance in boarding, failing to warn her that Defendant Port Entities' employees were not adequately trained in the boarding process, failing to warn her to use alternative means available to board the vessel, and failing to warn her of previously occurring accidents, similar or otherwise. *Id.* ¶ 38(a)–(g). Hicks further contends that Defendant Port Entities breached their duty to her in 19 different ways, including, by directing her to use the escalator, not directing her to an elevator, ignoring her request for an elevator, failing to require passengers of a certain age or physical limitation to use elevators, and failing to create adequate policies and procedures for boarding the vessel in a safe manner. *Id.* ¶ 57(a)–(s). These failures, which have allegedly been known to Defendants, contributed to Hicks' injury. *Id.* ¶¶ 39, 41.

Hicks further alleges, upon belief, that NCL entered into contracts with Defendant Port Entities to provide certain operations or services, and that Port Entities would have an implied warranty to provide their services to NCL in a workmanlike manner. *Id.* ¶¶ 64-65. That Port Entities breached their implied warranty to NCL to perform in a workmanlike manner by failure to provide safe ingress and egress to passengers, failure to provide training to their employees, and failure to properly supervise their employees. *Id.* ¶ 68.

Hicks asserts six claims, without indication any are in the alternative: (1) negligence and failure to warn against NCL; (2) negligence and failure to warn against Port Entities; (3) general negligence against NCL; (4) general negligence of Port Entities; (5) breach of warranty of workmanlike performance against the Port Entities; and (6) vicarious liability of NCL. Only Counts II, IV, and V are asserted against SMS. *See generally* Am. Compl.

## MEMORANDUM OF LAW

### I.  LEGAL STANDARD

A complaint must set forth "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ.P. 8(a). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A complaint must contain "more than labels or conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Indeed, while the Court must construe the allegations in the complaint in the light most favorable to the plaintiff, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines*, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003). A court should evaluate well-pleaded factual allegations to determine whether "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S. at 679. Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007).

## II. ARGUMENT

### A. Plaintiff's Amended Complaint is an improper shotgun pleading.

Plaintiff's Amended Complaint is the type of classic shotgun pleading which has been repeatedly criticized in the Eleventh Circuit. *See, e.g., Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 650 (11th Cir. 2010); *M.T.V. v. DeKalb County Sch. Dist.*, 446 F.3d 1153, 1156 n.1 (11th Cir. 2006). Indeed, the Eleventh Circuit has "condemned shotgun pleadings time and again, and… ha[s] repeatedly held that a District Court retains authority to dismiss a shotgun pleading on that basis alone." *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) (citation omitted) (affirming the dismissal with prejudice of the shotgun complaint). As explained by the Eleventh Circuit,

> Shotgun pleadings are characterized by: (1) multiple counts that each adopt the allegations of all proceeding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*McDonough v. City of Homestead*, 771 Fed.Appx. 952, 955 (11th Cir. 2019) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015)).

Here, Plaintiff's Amended Complaint suffers from at least three types of shotgun pleading deficiencies: (i) combining multiple defendants without specifying which defendant is responsible for which act; (ii) failing to separate each cause of action or claim for relief into distinct counts; and (iii) containing only conclusory and vague allegations that do not clearly connect to the causes of action.

6

### 1. The Amended Complaint combines multiple defendants without specifying which defendant is responsible for which act.

Plaintiff's Amended Complaint impermissibly lumps together four entities as the "Port Entities," including an unidentified company (XYZ Corporation).[2] At no point does Plaintiff make any attempt to identify what actions were taken by one Port Entity versus another. Even worse, she then groups the Port Entities with NCL to be "Defendant" or "Defendants," again without indicating which entity was acting or failing to act at any time. *See, e.g.,* Am. Compl. ¶ 17. (In order to board the Norwegian Gem, Defendants directed passengers, including the Plaintiff to utilize the escalator… leading up to the gangway.") Hicks allegedly advised "Defendants" that she was unable to use the escalator safely, but "Defendants" disregarded that information and again directed her to use the escalator while "Defendants" offered no assistance. *Id.* ¶¶ 18-19. These allegations beg, but do not answer, the question of whether Plaintiff spoke with agents of each of the five defendant entities and all such agents disregarded her request and directed her to use the escalator.

Within each of the counts against SMS, which are jointly asserted against all Port Entities, Plaintiff's allegations refer to either "Defendant Port Entities" or "Defendant" without any indication of which entity she alleges was acting or failing to act. Even within these allegations, Plaintiff relies on conclusions instead of facts that the Port Entities failed to adequately warn her, failed to assist her, failed to provide safe ingress or egress. In sum, Plaintiff's Amended Complaint sets forth a basic recitation of the elements of her claim without any facts to support them.

---

[2] The Eleventh Circuit only allows pleading against doe defendants in limited circumstances not present here. By lumping an unidentified company in with SMS, and others, Hicks compounds the problem caused by her shotgun pleading by making it even harder to determine what SMS is alleged to have done. *Vielma v. Gruler*, 347 F.Supp.3d 1122, 1138 (M.D. Fla. 2018) (dismissing shotgun pleading in part due to "problematic use of John Doe Defendants"); *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) ("As a general matter, fictitious-party pleading is not permitted in federal court.").

### 2. The Amended Complaint fails to separate each cause of action or claim for relief into distinct counts.

Another type of shotgun pleading is where a complaint fails to "separate[] into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23, n.13 (11th Cir. 2015). The Amended Complaint here presents this type of shotgun pleading as well. Plaintiff's claims for negligence against SMS, and the other Port Entities, asserts seven (Count II) or nineteen (Count IV) different ways in which Plaintiff claims SMS breached its alleged duty of care. Am. Compl. ¶¶ 38(a)-(g) & 57(a)-(s). This failure to separate each claim for relief into separate counts necessitates the dismissal of Counts II and IV against SMS.

This Court has recently dismissed a case with similar allegations where Plaintiff asserted one count of negligence under approximately thirty-six theories of liability, including, among others, failure to warn, failure to adequately train and supervise employees, failing to properly assist passengers, and negligent hiring. *See Brennan v. Royal Caribbean Cruises, Ltd.*, No. 19-21478-CIV, 2020 WL 13348667, at *2 (S.D. Fla. Jan. 31, 2020) (Martinez, J.). In dismissing the complaint, this Court explained that "these are separate causes of action that must be asserted independently and with supporting factual allegations." *Id.* (citing *Elliot-Savory v. Royal Caribbean Cruises, LTD.*, 1:19-cv-23662-RNS, ECF No. 4 at 2 (S.D. Fla. Sept. 9, 2019)). The same result is warranted here, as multiple Courts in this District have reached the same conclusion that each theory is a separate cause of action that must be asserted independently and with supporting factual allegations. *See Kantrow v. Celebrity Cruises, Inc.*, 510 F.Supp.3d 1311, 1315 (S.D. Fla. 2020) (Lenard, J.) (finding impermissible shotgun pleading where "Paragraph 46 of the Complaint contained thirty-two sub-paragraphs alleging separate ways in which Defendant breached the duty of care it owed to Plaintiffs, and that Paragraph 55 contained six sub-paragraphs

alleging separate ways in which Defendant breached the duty of care it owed to Plaintiffs"); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337, n.2 (S.D. Fla. 2012) (Moore, J.) (dismissing a negligence claim that "epitomizes a form of 'shotgun' pleading," where the plaintiff alleged that Defendant owed a duty of "reasonable care under the circumstances," and then "proceed[ed] to allege at least twenty-one ways in which Defendant breached this duty"); *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1338 (S.D. Fla. 2016) (Ungaro, J.) ("Simply alleging that Carnival owed Plaintiff a duty of 'reasonable care' in a conclusory fashion, while also pleading ["forty-one"] alleged breaches that purport to impose a heightened duty upon Carnival, is not sufficient to state a valid negligence claim under maritime law," and holding that "the burden will remain on Plaintiff to review her Complaint and ensure that each factual allegation is supported by law and plausible facts, and is alleged in good faith."); *Gayou v. Celebrity Cruises, Inc.*, No. 11-23359-Civ, 2012 WL 2049431, at *5-*6, n.2 (S.D. Fla. June 5, 2012) (Scola, J.) (ordering plaintiff to amend complaint to "separately allege an independent count" for various theories of liability that were lumped into a single maritime negligence claim); *Flaherty v. Royal Caribbean Cruises, Ltd.*, No. 15-22295, 2015 WL 8227674, *3 n.3 (S.D. Fla. Dec. 7, 2015) (Lenard, J.) (same); *Doe v. NCL (Bahamas) Ltd.*, 2016 WL 6330587, at *3 (S.D. Fla. Oct. 27, 2016) (Ungaro, J.) (holding that Plaintiff's "boilerplate allegations" of breach of duty failed to state a claim for negligent hiring and retention, training and supervision, and ordering Plaintiff to "allege each of these three claims in separate Counts" in an amended complaint); *Ciethamil v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1349-50 (S.D. Fla. 2016) (Williams, J.) (holding that negligence claim failed Rule 8(a), where the Plaintiff's "shotgun-style recitation[]" of "34 breaches of duty," "without any factual context," makes "any meaningful assessment of her claims difficult").

### 3. The Amended Complaint contains only conclusory allegations.

Further, there is no apparent link between many of these alleged breaches and Plaintiff's injuries. The only factual rendition of the events set forth in the Amended Complaint claims that Hicks attempted to board the vessel using the escalator, after asking someone to use an elevator instead, and she fell. There is no allegedly hidden danger. Instead, the apparent danger is that escalators may be unsafe for certain people. Without facts identifying what SMS allegedly did or did not do, the Amended Complaint falls within the category of prohibited shotgun pleadings and should be dismissed.

### B. Plaintiff fails to plead a negligence claim against SMS.

Hicks asserts two counts against SMS sounding in negligence—Count II for negligent failure to warn against Port Entities and Count IV, alleging general negligence of Port Entities. Neither count sets forth any facts sufficient to establish liability of SMS for negligence.

To establish negligence, Plaintiff must allege: "(1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant beached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm." *Newbauer v. Carnival Corp.*, 26 F.4th 931, 935 (11th Cir. 2022) (citation omitted). Here, Plaintiff fails to allege facts sufficient to establish at least the first three elements.[3]

First, Hicks has failed to plead facts establishing that SMS owed her a duty. She pleads that SMS "is a foreign corporation which provides cruise terminal management and operation services for cruise terminals and conducts business in Miami, Florida." Am. Compl. ¶ 4. She further alleges that Defendants, Port America, SMS, American Guard Services, and XYZ

---

[3] SMS acknowledges that Hicks pled she "fell backwards down the subject escalator causing her to strike her neck, back, and ankle and suffer severe injuries." Am. Compl. ¶ 20. SMS assumes for the purposes of this motion only that alleging she struck her neck, back, and ankle are sufficient to plead an actual harm.

Corporation, contracted with NCL "for embarkation/disembarkation, safety and security services at various ports, including NCL Terminal." *Id.* ¶ 12. And that Defendants, NCL, Port America, SMS, American Guard Services, and/or XYZ Corporation, "undertook the duty to supervise, control, direct and provide reasonably safe means for the embarkation of passengers, including the Plaintiff at the NCL Terminal." *Id.* ¶ 13. However, the only entity specifically alleged to have "provide[d] cruise terminal services for embarkation" is XYZ Corporation. *Id.* ¶ 6. While all of these allegations are conclusory and not supported by facts, the only entity arguably alleged to have undertaken a responsibility relating to boarding the vessel, which is when Hicks alleges she was injured, is the unidentified XYZ Corporation, not SMS. There is no factual basis alleged to establish SMS owed Hicks any duty, let alone during the process of boarding the vessel.

Next, Hicks fails to plead any facts, as opposed to conclusions, establishing any purported breach of the unidentified duty. In each count, she pleads in shotgun style, multiple conclusory "failures" but without any supporting fact. *Id.* ¶¶ 38, 57. There are no facts that set forth the alleged danger caused by the escalator. Moreover, any alleged duty to warn or protect Hicks is limited to "only 'those dangers which are not apparent and obvious to the passenger.'" *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F.Supp.3d 1311, 1320 (S.D. Fla. 2015) (citations omitted).

While the question of whether the alleged danger is open and obvious usually requires a factually intense analysis, here, Hicks affirmatively pleads she was aware of the danger. "As the Plaintiff was directed, by the Defendants, towards the subject escalator the **Plaintiff advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or other assistance with her carry-on bags**." Am. Compl. ¶ 18 (emphasis added). Accordingly, Hicks has pled that she specifically identified an alleged

11

danger in her use of the escalator. She should not be heard to complain in negligence that the perceived harm materialized.

Finally, Plaintiff's Amended Complaint contains no facts establishing how any alleged breach by SMS was the proximate cause of Hicks' injury. Not only is there no factual allegation as to what Hicks contends was unsafe about the escalator, but to the extent she independently perceived her use of the escalator would be unsafe and then decided to use it anyway, any alleged failure by SMS is not the proximate cause of her injuries.

The Amended Complaint is thus devoid of facts to establish Plaintiff's negligence claims against SMS. Having failed to satisfy the basic pleading requirements to set forth a claim, Plaintiff's claims against SMS should be dismissed.

### C. Plaintiff fails to plead a claim for breach of warranty of workmanlike performance against SMS.

"Claims for breach of warranty of workmanlike performance sound in contract." *Kol B'Seder, Inc. v. Certain Underwriters at Lloyd's of London*, 766 Fed. Appx. 795, 801–02 (11th Cir. 2019) (citation omitted). The warranty of workmanlike performance is an implied warranty imposed on a maritime service contractor which requires services to be performed with reasonable care, skill, and safety. *See Vierling v. Celebrity Cruises, Inc.*, 339 F.3d 1309, 1315 (11th Cir. 2003) ("Every contract involving the rendering of services includes the implied promise to perform those services with reasonable care, skill, and safety."). However, "this duty to perform in a workmanlike manner is the same as the duty to exercise reasonable care under negligence law." *Am. Marine Tech., Inc. v. M/Y Alchemist*, 526 F. Supp. 3d 1236, 1250 (S.D. Fla. 2021), *aff'd sub nom. Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, No. 21-11336, 2021 WL 4785888 (11th Cir. Oct. 14, 2021).

Plaintiff's breach of warranty claim suffers from the same fatal flaws as her negligence claims against SMS.  Plaintiff again groups SMS together with all "Port Entities" in alleging the entities owed an implied warranty, which they purportedly breached in eight different ways.  Am. Compl. ¶ 68 (a) – (h).  None of these allegations are supported by fact, and thus Plaintiff has failed to state a claim for breach of warranty of workmanlike performance.

## CONCLUSION

Plaintiff's Amended Complaint is an impermissible shotgun pleading, which groups SMS with at least three other Defendants without any factual allegations relating to its purported actions and asserts multiple vague accusations within each count.  Even if this Court finds that the Amended Complaint is not a shotgun pleading, it lacks sufficient factual allegations to set forth valid claims against SMS and should be dismissed for failure to state a claim upon which relief may be granted.

**WHEREFORE**, SMS International Shore Operations US, Inc. respectfully requests that this Court dismiss Counts II, IV and V of Plaintiff's Amended Complaint asserted against it.

DATED: September 30, 2022

Respectfully submitted,

By: */s/ D. Austin Bersinger*            
D. AUSTIN BERSINGER
Florida Bar No. 1022458
E-mail: Austin.Bersinger@btlaw.com
CHRISTINA BAUGH
Florida Bar No. 1028574
E-mail: CBaugh@btlaw.com
JULIA STEPANOVA
Florida Bar No. 1021185
E-Mail: Julia.Stepanova@btlaw.com
**BARNES & THORNBURG LLP**
4540 PGA Boulevard, Suite 208
 Palm Beach Gardens, FL 33418
Telephone:(561) 473-7570
Facsimile: (561) 473-7561
*Counsel for Defendant SMS International Shore Operations US, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of September, 2022, I served the foregoing *Defendant SMS International Shore Operations US, Inc.'s Motion to Dismiss* with the Clerk of Court using the CM/ECF system, which will send e-mail notifications of such filing to all counsel of record who made an appearance in this case.

By: */s/ D. Austin Bersinger*
D. AUSTIN BERSINGER
Florida Bar No. 1022458
