UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 1:22-cv-22152-JEM

NANCY HICKS,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
SMS INTERNATIONAL SHORE OPERATIONS US, INC.,
AMERICAN GUARD SERVICES, INC.; and
XYZ CORPORATION

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT
SMS INTERNATIONAL SHORE OPERATIONS US, INC.'S MOTION TO DISMISS**

Plaintiff, NANCY HICKS, by and through the undersigned counsel, and files her Response in Opposition to Defendant SMS INTERNATIONAL SHORE OPERATIONS US, INC.'S (hereinafter "SMS") Motion to Dismiss, [D.E. 18] and in support thereof states:

**Introduction**

This matter arises from an incident which occurred when the Plaintiff, a passenger of Defendant NCL, was attempting to board the vessel at the NCL's cruise terminal in the Port of Miami. [D.E. 7, ¶ 16]. Defendant NCL contracted with Defendant SMS, a cruise terminal management and operation company, to provide various services at the subject terminal. [D.E. 7, ¶ 4, 12][1]. These contracted services relate and/or pertain to embarkation and disembarkation procedures, safety and security, and include but are not limited to supervising, controlling, directing and providing reasonably safe means for passengers to board a cruise ship [D.E. 7, ¶ 4,

---

[1] Defendant NCL also contract with AMERICAN GUARD SERVICES, INC ("AGS") for same/similar services. In an abundance of caution and to protect her rights, Plaintiff also named XYZ CORPORATION in the event that discovery identifies another party who should properly be a named Defendant. Defendant Ports America, Inc. has been voluntarily dismissed. [D.E. 13].

12, 13].

At the subject terminal the Plaintiff was directed by Defendant(s) to use an escalator which would take her up to the gangway so she could to board the vessel. [D.E. 7, ¶ 17]. Plaintiff advised the Defendant(s) that she was unable to use the escalator in a safe manner and requested an alternative means to get to the gangway and/or assistance. [D.E. 7, ¶ 18]. Defendant(s) negligently failed to provide Plaintiff with assistance and/or an alternative means and instructed Plaintiff to use the escalator. [D.E. 7, ¶ 19] As she feared would happen, Plaintiff fell while attempting to use the escalator without assistance, suffering severe injuries. [D.E. 7, ¶ 20].

Plaintiff filed the instant action against Defendant NCL (cruise operator and terminal owner), Defendant SMS (cruise terminal management and operation service provider) and AGS (cruise terminal security and operational services provider). [D.E. 7, ¶ 2-6]. In the Amended Complaint the Plaintiff stated that she would be referring to Defendants SMS, AGS, and XYZ CORP collectively as the "PORT ENTITIES." [D.E. 7, ¶ 7] Plaintiff further stated that notwithstanding the collective reference, each Defendant would retain its **separate and individual liability**. [D.E. 7, ¶ 7]

Plaintiff further pled sufficient factual allegations which included, but are not limited to the following:

16. On or about August 29, 2021, the Plaintiff was a paying passenger and business invitee at the NCL Terminal attempting to board the *Norwegian Gem*, which was in navigable waters.

17. In order to board the *Norwegian Gem*, Defendants directed passengers, including the Plaintiff, to utilize an escalator ("the subject escalator") leading up to the gangway.

18. As the Plaintiff was directed, by the Defendants, towards the subject escalator the Plaintiff advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or

   other assistance with her carry-on bags.

19. Defendants disregarded Plaintiff's request to use an elevator and instead instructed the Plaintiff to keep walking towards the subject escalator and to use the subject escalator to gain access to the gangway to board the vessel. Defendants offered no assistance to the Plaintiff.

20. On or about August 29, 2021, as directed by the Defendants, the Plaintiff was on the subject escalator when Plaintiff lost her balance and fell backwards down the subject escalator causing her to strike her neck, back and ankle and suffer severe injuries.

After clearly setting forth her factual allegations [D.E. 7, ¶ 4 -20], Plaintiff pled three separate and distinct causes of action against the Defendant SMS; Negligent Failure to Warn as to the Port Entities (Count II); General Negligence as to the Port Entities (Count IV); and Breach of Warranty of Workmanlike Performance as to the Port Entities (Count V) [D.E. 7]. The remaining counts were directed solely to Defendant NCL.

A review of the Amended Complaint shows that it is <u>not</u> an example of alleged shotgun pleadings and it does <u>not</u> improperly comingle Defendants or causes of action. Read in its totality, the Amended Complaint clearly sets forth sufficient facts give Defendant SMS fair notice of what the claims are and the grounds upon which it rests. **This Court need look no further than the fact that co-Defendant, AMERICAN GUARD SERVICES, INC., was able to respond to the Amended Complaint without issue and served its Answer and Affirmative Defenses**. [D.E. 16]. Similarly there should be no issues with Defendant SMS's ability to understand the claims being asserted against it and answering the claims just as co-Defendant AGS was able to do.

## Memorandum of Law

### I. Legal Standard for Motion to Dismiss

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United* States, 734 F.2d 762, 765 (11th Cir. 1984). A complaint should not be dismissed for failure to state a claim unless it appears "beyond

doubt" that the plaintiff can prove no set of facts in support of his claim. *Financial Sec. Assur. v. Stephens, Inc.,* 500 F.3d 1276 (11th Cir. 2007). When the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, dismissal is not proper. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

In reviewing a motion to dismiss, all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *Doe v. Royal Caribbean Cruises Ltd.,* 2011 WL 6727959 (S.D. Fla. December 21, 2011); *Jackson v. Okaloosa Cnty., Fla.,* 21 F.3d 1531, 1534 (11th Cir.1994); *Hinson v. King & Spalding*, 467 U.S. 69, 73 (1984): *Gentry v. Carnival Corp.,* 2011 WL 4737062 (S.D. Fla. October 5, 2011).

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). *Doe v. Royal Caribbean Cruises, Ltd.*, case no.: 11-23321-civ-Scola (S.D.Fla. April 3, 2011) *citing Bailey v, Janssen Pharmaceutica, Inc.*, 288 F.App'x 597, 603 (11th Cir. 2008)(In order to be "minimally sufficient" a complaint must put the defendant on notice of the claims against him."

## II. Plaintiff Has Not Engaged in Improper Shotgun Pleading - Collective References are Permissible

The Eleventh Circuit has held that [w]hen multiple defendants are sued and referred to by group, "**the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually**." *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997). As the Eleventh Circuit further explained in *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000):

>Defendants complain that the allegations are too general because they collectively accuse all the defendants of all the acts . . . **The fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct**.

(emphasis added).

Courts in this district have repeatedly held that "[a] plaintiff properly pleads a cause of action multiple defendants in one count when 'the allegations against [the] Defendants raise the same claims and relate to the same occurrences." *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Services, Inc.*, 389 F. Supp. 3d 1137, 1147 (S.D. Fla. 2018)  In *State Farm Mut. Auto. Ins. Co.*, albeit a case requiring the heightened pleading standard, the plaintiff sued 12 named defendants and the Southern District Court denied a motion to dismiss on grounds that the complaint was not a shotgun pleading despite all of the defendants having been lumped together. The District Court explained that although the plaintiff "group[ed] various subsets of the [d]efendants together in lodging each count, each [d]efendant is specifically identified and the complained of conduct is pointedly attributed to each Defendant. None of the Defendants should be confused about the wrongful conduct [plaintiff] is accusing them of.  Alleging multiple defendants are liable for the conduct alleged in each count here is not fatal to [plaintiff's] complaint" since it "can be fairly read to aver that all defendants are responsible for the alleged conduct." *Id.* at 1147; *Wilson v. Volkswagen Group of Am., Inc.*, 17-23033-CIV, 2018 WL 9850223, at *3 (S.D. Fla. Nov. 30, 2018).  *See also*, *Ritter v. Nonprofit Info. Networking Ass'n*, 816CV01386CEHAAS, 2017 WL 821851, at *2 (M.D. Fla. Mar. 2, 2017) (case where defendants were not deprived of fair notice of the conduct at issue that plaintiff attributed to them and district court held "although the [c]omplaint is not as specific as [d]efendants would prefer, it is sufficient to meet the notice pleading requirement under Rule 8.").

Defendant SMS incorrectly insinuates in its Motion to Dismiss that Plaintiff alleges the

Defendants committed the exact same conduct. Rather, Plaintiff alleged the negligent conduct is attributed to Defendants since SMS and AGS (and XYZ CORP) each had a duty to supervise, control, direct and provide reasonably safe means for the embarkation of passengers. [D.E. 7, ¶ 13]  In fact, even in cases where only one could have committed a single wrongful act, district courts have held that dismissal is not appropriate. *See Long v. Colbert Cty. Sheriff's Dep't*, No. CV 06-S-704-NW, 2006 WL 8436744, at *9 (N.D. Ala. Dec. 19, 2006) (a civil rights action where the district court was perplexed by plaintiff's use of collective reference for two deputies since "clearly both deputies did not *collectively* fire a *single* gunshot" but reasoned plaintiff may not know "which deputy fired the shot and intends to use discovery to uncover that information" and found "nothing objectionable about this strategy" since any evidence showing which deputy did not fire the shot would be addressed at summary judgment.)

Here, there is nothing particularly complicated or confusing in the Amended Complaint. Reading each of the three counts "in such a way that each defendant is having the allegation made about Defendant him individually,"  Defendant SMS should have no problems understanding the claims brought against it and can easily answer the Amended Complaint just as co-Defendant  AGS was clearly able to do.

### III. Plaintiff has Set Forth Three Separate and Distinct Causes of Action - Plaintiff Has Not Commingled Theories of Liability

The Plaintiff's Amended Complaint does not disregard the requirements of Rule 10(b) because it separated the causes of action into three main categories:

- Count II - Negligent Failure to Warn which identifies seven (7)  breaches all dealing specifically with failure to warn of a specific risk or danger  [D.E. 7, ¶ 38 (a -g)];

- Count IV – General Negligence which identifies eighteen (18)  breaches [D.E. 7, ¶ 57 (a -r)];

- Count V – Breach of Warranty of Workmanlike Performance which identifies eight

  (8)  breaches [D.E. 7, ¶ 68 (a - h)];

There is no improper comingling of theories of liability. In each Count, Plaintiff has plead specific breaches related to that particular theory of liability For example, in Count II, Negligent Failure to Warn, Plaintiff alleged[2]:

- b. Failure to adequately warn the Plaintiff that there would be an insufficient amount of employees, agents, affiliates, partners, and/or representatives monitoring, and/or supervising the subject boarding process so that passengers could participate in the subject boarding process in a reasonably safe manner; and/or

- c. Failure to adequately warn the Plaintiff that there would be an insufficient assistance during the subject boarding process so that passengers could participate in the subject boarding process in a reasonably safe manner; and/or

- e. Failure to warn the Plaintiff that there would not be alternative means available for her to board the subject vessel in a reasonably safe manner; and/or

[D.E. 7, ¶ 38 ]

Similarly in Count IV, General Negligence, Plaintiff alleged:

- b. Failing to provide passengers, including the Plaintiff reasonably safe means of embarking on the subject vessel; and/or

- f. Failure to direct the Plaintiff to the nearest elevator, despite Plaintiff notifying the Defendant of her inability to safely use the subject escalator; and/or

- h. Directing/instructing the Plaintiff to go onto the subject escalator, despite the Plaintiff notifying the Defendant of her inability to use the subject escalator, apparent age and/or the fact that Plaintiff was carrying heavy luggage and a CPAP machine; and/or

[D.E. 7, ¶ 57 ]

Lastly, in Count V, Breach of Warranty of Workmanlike Performance, Plaintiff alleged:

---

[2] For the sake of brevity the Plaintiff identifies some but not all of the specific breaches.

  a. Failure to implement adequate procedures and equipment relating to the ingress and egress of passengers which meets the industry standard at the time of the accident; and/or

  e.. Failure to implement reasonable and adequate training, supervisory and/or inspection procedures to ensure proper operation, inspection and servicing of the subject terminal for passengers that embark/disembark cruise ships; and/or

  h. Failure to use adequate and reasonable alternative options for handicap individuals to embark/disembark a vessel given the anticipated purpose of the subject terminal.

[D.E. 7, ¶ 68 ]

In its totality the Amended Complaint is not so confusing, incoherent, or repetitive so that Defendant SMS is not on notice of the claims asserted against it. *See Weinstein v. City of N. Bay Vill.*, 977 F. Supp. 2d 1271, 1285 (S.D. Fla. 2013) ("Shotgun pleadings are those which are."). Martins v Royal Caribbean Cruises, Ltd., 174 F.Supp 3d 1345, 1358 (S.D.Fla. 2016)(a complaint that which included seven counts, was a total of 123 paragraphs, and incorporated previous allegations by reference, is not shotgun pleading because it was sufficiently organized); *Perricone v Carnival Corp.,* 2016 WL 1161214 * 3 (S.D. Fla March 24, 2016).

To the extent the Defendant SMS objects to a particular subparagraph within each count, that should be deemed an attempt at line-item striking which is impermissible. *Gentry v. Carnival Corp.*, 2011 WL 4737062 *4 (S.D.Fla. October 5, 2011); *McLean v. Carnival Corp*., 2013 WL 1024257 *5 (S.D. Fla. March 14, 2012) (quoting *Holguin v. Celebrity Cruises, Inc*., 2010 WL 1837808 *1 (S.D.Fla. May 4, 1010))(declining request to dismiss alternative theories of negligence as the plaintiff has already the existence of a duty); *Heller v. Carnival Corp*, 191 F. Supp. 3d 1352, 1360 ( "certain of the alleged breaches… may not adequately state a negligence claim, the Court will not strike the alleged breaches in line-item fashion" when the plaintiff sufficiently alleges a facially plausible negligence claim.)

**IV.**  **There is a Causal Link Between the Breaches and Plaintiff's Injuries**

Defendant SMS incorrectly attempts to argue that the Amended Complaint does not state "facts identifying what SMS allegedly did or did not do." [D.E. 18, p. 10, §3]. Contrary to this assertion, the Amended Complaint very clearly and specifically states:

21. As the Plaintiff was directed, by the Defendants, towards the subject escalator the Plaintiff **advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or other assistance** with her carry-on bags.

22. **Defendants disregarded Plaintiff's request to use an elevator** and instead instructed the Plaintiff to keep walking towards the subject escalator and to use the subject escalator to gain access to the gangway to board the vessel. **Defendants offered no assistance to the Plaintiff**.

23. On or about August 29, 2021, **as directed by the Defendants**, the Plaintiff was on the subject escalator when **Plaintiff lost her balance and fell backwards** down the subject escalator causing her to strike her neck, back and ankle and suffer severe injuries.

Very simply, Defendant SMS negligently ignored the Plaintiff's request for assistance and/or alternative means to get to the gangway and negligent instructed her to use the escalator unaided, and as a result the Plaintiff fell and suffered injuries.

### V. **Plaintiff has Pled all Necessary Elements to State a Cause of Action for Negligence**

The crux of Defendant SMS' position is that Plaintiff failed to plead a duty owed to her with sufficient facts and an alleged lack of causal relationship between said breach of duty and Plaintiff's injuries.

Contrary to the Defendant SMS's claims, there is an identifiable duty which is plead with sufficient factual allegations. Specifically, that

4. Defendant, SMS INTERNATIONAL SHORE OPERATIONS US, INC. (hereinafter "SMS INTERNATIONAL"), is a foreign corporation **which provides cruise terminal management and operation services for cruise terminals** and conducts business in Miami, Florida. SMS is registered through the Florida Division of Corporation to conduct business in Florida.

12. Defendant NCL **contracted with** Defendants PORT AMERICA, **SMS INTERNATIONAL**, AGS and XYZ CORP **for embarkation/ disembarkation, safety and security services** at various ports, including the NCL Terminal.

13. Defendants NCL, PORT AMERICA, SMS INTERNATIONAL, AGS and/or XYZ CORP **undertook the duty to supervise, control, direct and provide reasonably safe means** for the embarkation of passengers, including the Plaintiff at the NCL Terminal.

24. As the Plaintiff was directed, by the Defendants, towards the subject escalator the Plaintiff **advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or other assistance** with her carry-on bags.

25. **Defendants disregarded Plaintiff's request to use an elevator** and instead instructed the Plaintiff to keep walking towards the subject escalator and to use the subject escalator to gain access to the gangway to board the vessel. **Defendants offered no assistance to the Plaintiff**.

26. On or about August 29, 2021, **as directed by the Defendants**, the Plaintiff was on the subject escalator when **Plaintiff lost her balance and fell backwards** down the subject escalator causing her to strike her neck, back and ankle and suffer severe injuries.

(emphasis added) [D.E. 7]

Plaintiff has stated a plausible cause of action sufficient to withstand a Motion to Dismiss. Alleged challenges to the duty is an issue more appropriate for summary judgment. For instance, in *Balaschak v. Royal Caribbean Cruises, Ltd.*, the court stated as follows:

> Here, [plaintiff] has pleaded facts showing that Celebrity owed her, as a passenger, a duty of care. [Plaintiff's] allegations have therefore notified Celebrity of her claim…. The merits of Count VI are best tested with a motion for summary judgment.

*Balaschak*, 2009 WL 8659594, at *5 (S.D. Fla. Sept. 14, 2009); *see also Bridgewater v. Carnival Corp.*, No. 10-22241-CIV, 2011 WL 817936, at *2 (S.D. Fla. Mar. 2, 2011) ("Carnival disputes whether it owed a duty to Plaintiff under the facts as pleaded. However such a contention is more appropriate for summary judgment than for the consideration upon a motion to dismiss."); *Gentry v. Carnival Corp.*, 2011 WL 4737062 *3 (S.D. Fla. October 5, 2011).

As set forth in subsection IV above, the Plaintiff has alleged a causal relationship between the breach of duty and her injuries. Accepting factual allegations are accepted as true, and all reasonable inferences are drawn in the Plaintiff's favor the Plaintiff has properly set forth a claim for negligence. *Ceithaml v. Celebrity Cruises, Inc.*, 207 F. Supp. 3d 1345, 1348 (S.D. Fla. 2016); *See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir.2010); *see also Roberts v. Fla. Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir.1998).

### VI. Plaintiff has Properly Pled a Claim for Breach of Warranty of Workmanlike Performance

Defendant SMS asserts that the Plaintiff failed to state a cause of action for Breach of Warranty of Workmanlike Performance for the alleged same flaws as in Plaintiff's counts for negligence, i .e. commingling and reference to the Defendants as the "Port Entities" and alleged comingling of causes of action. [D.E. 13, p. 12-13].

As set forth in subsection III above, there is nothing improper about referring to the Defendants as the "Port Entities" nor is there any comingling of the causes of action. Defendant SMS should have no problems understanding the claims brought against it and can easily answer the Amended Complaint just as co-Defendant AGS was clearly able to do.

### Conclusion

Defendant SMS has failed to demonstrate beyond all doubt that the Plaintiff cannot ultimately prove her claims. Even a cursory review of the Amended Complaint shows factual allegations which further allows this Court to draw the reasonable inferences of the Defendant's liability to survive a Rule 12(b)(6) motion.

For all of the foregoing reasons, Plaintiff respectfully requests that this Court deny the Defendant's SMS's Motion to Dismiss in its Entirety.

## MOTION FOR LEAVE TO AMEND

Although the Eleventh Circuit has condemned shotgun pleadings, the Court has also cautioned that dismissal on such grounds should be the last resort. *See Bailey v. Janssen Pharmaceutics, Inc.*, 288 Fed. App'x 597, 603 (11th Cir. 2008) ("When faced with a shotgun complaint, we have encouraged defendants to make motions for more definite statements or courts to demand repleader[ ] and not, as the case were, to dismiss a complaint with prejudice."); *Andersen*, 77 F.3d at 367 at n.5 *see also Perricone*, 2016 WL 1161214, at *3.

Accordingly, should this Honorable Court grant Defendant SMS's Motion to Dismiss, or any portion thereof, Plaintiff respectfully requests leave to amend.

**WHEREFORE,** Plaintiffs, NANCY HICKS, respectfully submit that SMS' Motion to Dismiss, [D.E. 18] should be denied, in addition to any further relief this Honorable Court deems just and equitable.

    Respectfully submitted,
    LIPCON, MARGULIES
    & WINKLEMAN, P.A.
    *Attorneys for Plaintiffs*
    One Biscayne Tower, Suite 1776
    2 South Biscayne Boulevard
    Miami, Florida 33131
    Telephone No.: (305) 373-3016
    Facsimile No.: (305) 373-6204

By: */s/ Brett A. Silvers*
    **JASON R. MARGULIES**
    Florida Bar No. 57916
    jmargulies@lipcon.com
    **CAROL FINKLEHOFFE**
    Florida Bar No. 0015903
    cfinklehoffe@lipcon.com
    **BRETT A. SILVERS**
    Florida Bar No. 1031877
    bsilvers@lipcon.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 18 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Brett A. Silvers*
**BRETT A. SILVERS**

## SERVICE LIST
**Nancy Hicks vs. NCL (Bahamas) Ltd. et al.**
**Case No.: 22-cv-22152-JEM**

| | |
|---|---|
| LIPCON, MARGULIES & WINKLEMAN, P.A. <br> One Biscayne Tower, Suite 1776 <br> 2 South Biscayne Boulevard <br> Miami, Florida 33131 <br> Telephone No.: (305) 373-3016 <br> Facsimile No.: (305) 373-6204 <br> **JASON R. MARGULIES** <br> Florida Bar No. 57916 <br> jmargulies@lipcon.com <br> **CAROL FINKLEHOFFE** <br> Florida Bar No. 0015903 <br> cfinklehoffe@lipcon.com <br> **BRETT A. SILVERS** <br> Florida Bar No. 1031877 <br> bsilvers@lipcon.com <br> *Attorneys for Plaintiffs* | BARNES & THORNBURG LLP <br> 4540 PGA Boulevard, Suite 208 <br> Palm Beach Gardens, FL 33418 <br> Telephone: (561) 473-7570 <br> Facsimile: (561) 473-7561 <br> **D. AUSTIN BERSINGER** <br> Florida Bar No. 1022458 <br> E-mail: Austin.Bersinger@btlaw.com <br> **CHRISTINA BAUGH** <br> Florida Bar No. 1028574 <br> E-mail: CBaugh@btlaw.com <br> **JULIA STEPANOVA** <br> Florida Bar No. 1021185 <br> E-Mail: Julia.Stepanova@btlaw.com <br> *Counsel for Defendant SMS International Shore Operations US, Inc.* |