UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-22152-JEM

NANCY HICKS,

        Plaintiff,

v.

NCL (BAHAMAS) LTD.,
PORTS AMERICA, INC.,
SMS INTERNATIONAL SHORE
OPERATIONS US, INC.,
AMERICAN GUARD SERVICES, INC.;
and XYZ CORPORATION

        Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT SMS INTERNATIONAL SHORE OPERATIONS US, INC.'S MOTION TO DISMISS**

    Defendant, SMS International Shore Operations US, Inc. ("SMS"), by and through undersigned counsel, hereby submits this Reply Memorandum of Law ("Reply") in support of its Motion to Dismiss.

**I.    PRELIMINARY STATEMENT**

    Nothing in Plaintiff's Response in Opposition to SMS' Motion to Dismiss ("Opposition") changes the fact that Plaintiff's Amended Complaint is an impermissible shot gun pleading, which also violates the one-claim-per-count rule and fails to state to set forth a claim for negligence and breach of warranty against SMS. For the reasons set forth in SMS's memorandum of law in support of the Motion to Dismiss [ECF No. 18], and as further elaborated below, Plaintiff's Amended Complaint against SMS must be dismissed in its entirety.

1

## II.   ARGUMENT

### A.  Plaintiff's Opposition does not remedy shotgun pleading defects.

Plaintiff relies on *State Farm Mut. Auto. Ins. Co. v. Health & Wellness Services, Inc.* to argue that her complaint against multiple defendants is properly pled.  However, this case is not helpful to Plaintiff because State Farm alleged "specific facts concerning particular Defendants as well as conduct which implicates multiple Defendants."  389 F. Supp. 3d 1137, 1147 (S.D. Fla. 2018).  And this is precisely what Plaintiff has failed to do here.  Plaintiff's allegations are murky at best and inadequately describe what SMS, or other defendants for that matter, did or did not do.

Plaintiff's attempt to salvage her inadequate allegations only buttresses the problems with the Amended Complaint.  In her Opposition, she explains that, "[i]n the Amended Complaint the Plaintiff stated that she would be referring to Defendants SMS, AGS, and XYZ CORP collectively as the 'PORT ENTITIES.'"  [ECF No. 21 at 2.]  Immediately after providing this explanation, Plaintiff attempts to argue that her factual allegations are thus "sufficient" because they include the following paragraphs:

> 17. In order to board the *Norwegian Gem*, **Defendants** directed passengers, including the Plaintiff, to utilize an escalator ("the subject escalator") leading up to the gangway.
>
> 18. As the Plaintiff was directed, by the **Defendants**, towards the subject escalator the Plaintiff advised the Defendants that she was unable to use the subject escalator in a safe manner and that she required the use of an elevator and/or other assistance with her carry-on bags.
>
> 19. **Defendants** disregarded Plaintiff's request to use an elevator and instead instructed the Plaintiff to keep walking towards the subject escalator and to use the subject escalator to gain access to the gangway to board the vessel. **Defendants** offered no assistance to the Plaintiff.
>
> 20. On or about August 29, 2021, as directed by the **Defendants**, the Plaintiff was on the subject escalator when Plaintiff lost her balance and fell backwards down the subject escalator causing her to strike her neck, back and ankle and suffer severe injuries.

*Id.* at 2-3 (emphasis added). But none of the above-cited paragraphs refer to "Port Entities" or shed any light regarding *which* Defendant allegedly disregarded Plaintiff's request to use an elevator and instead directed her to the escalator. Plaintiff's Amended Complaint is thus more akin to that of the plaintiff in *J.V. by K.V. v. Duval County Sch. Bd.*, 3:16-CV-1009-J-34MCR, 2017 WL 4226590, at *2 (M.D. Fla. Sept. 22, 2017). In that case, the Court struck the complaint where Plaintiff had a "kitchen sink approach to setting out factual allegations," made "broad and conclusory legal statements regarding those allegations in the substantive counts," and was "inconsistent in how he name[d] and identifie[d] the various defendants." *See also Lane v. Capital Acquisitions & Mgmt. Co.*, 04-60602 CIV, 2006 WL 4590705, at *5 (S.D. Fla. Apr. 14, 2006) (dismissing complaint where the allegations "fail[ed] to differentiate among the defendants, alleging instead violations by a collective 'defendant,'" and "lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct"), *judgment entered*, 569 F. Supp. 2d 1268 (S.D. Fla. 2008), and *aff'd sub nom. Lane v. XYZ Venture Partners, L.L.C.*, 322 Fed. App'x 675 (11th Cir. 2009).

Plaintiff makes much of the fact that Defendant American Guard Services, Inc. answered the Amended Complaint, [ECF No. 21 at 3.], and extrapolates that to mean that the Amended Complaint is free from reproach. But that a co-defendant chose to answer the Amended Complaint is not indicative of the fact that the Amended Complaint is free from any and all pleading deficiencies identified by SMS. Indeed, Plaintiff conveniently ignores the fact that Defendant NCL (Bahamas) Ltd. ("NCL") specifically pointed out the Amended Complaint's pleading insufficiencies in its Answer by stating:

> In multiple paragraphs within this Count [Count II, Failure to Warn Against Port Entities], Plaintiff generically refers to "Defendant" and it is unclear which defendant(s) Plaintiff is referencing. Given that this Count is against the "Port Entities" and NCL is not one of them (see

3

> paragraph 7), NCL assumes Plaintiff does not mean NCL when she generically uses the term "Defendant" in this Count….

ECF No. 11 at 3 n.2. NCL provided the same comment with respect to Plaintiff's allegations contained in Count IV, General Negligence of Port Entities. *Id.* at 5 n.3.

Plaintiff also misinterprets SMS' argument that Plaintiff failed to separate each cause of action or claim for relief into distinct counts. In her Opposition, Plaintiff contends that she did not commingle causes of action because the Plaintiff's Amended Complaint "separated the causes of action into three main categories": Count II (Negligent Failure to Warn), Count IV (General Negligence), and Count V (Breach of Warranty of Workmanlike Performance). [ECF No. 21 at 6-7.] Plaintiff, however, does not dispute that each count identifies multiple "breaches." [*Id.*] In particular, Count II lists (7) "breaches"; Count IV enumerates eighteen (18) "breaches"; and Count V recites eight (8) "breaches." [*Id.*]

Plaintiff accuses SMS of impermissible "attempt at line-item striking," [*Id.* at 8], but that is not what SMS argued in its opening papers. As explained in SMS' Motion to Dismiss, this Court has already dealt with the exact same pleading deficiency that is present here in *Brennan v. Royal Caribbean Cruises, Ltd.*, No. 19-21478-CIV, 2020 WL 13348667, at *2 (S.D. Fla. Jan. 31, 2020) (Martinez, J.). In *Brennan*, this Court dismissed a case with similar allegations where Plaintiff asserted one count of negligence under numerous theories of liability, including the ones at issue in this case, such as failure to warn, failure to adequately train and supervise employees, failing to properly assist passengers, and negligent hiring. *Id.* at *2. As the Court aptly observed, "these are separate causes of action that must be asserted independently and with supporting factual allegations." *Id.* (citation omitted). Plaintiff's Opposition completely ignores and does nothing to distinguish *Brennan* and myriad of other cases from this District which unanimously hold that each Plaintiff's theory is a separate cause of action that must be asserted independently and with

4

supporting factual allegations. [*See* ECF No. 18 at 8-9 (collecting cases)]. In sum, Plaintiff's Opposition does nothing to remedy the fact that the Amended Complaint is the textbook example of a shotgun pleading.

### B. Plaintiff's Opposition does not remedy fatal flaws in her negligence claim.

In her opposition, Plaintiff relies on *Balaschak v. Royal Caribbean Cruises, Ltd.*, No. 09-21196-CIV, 2009 WL 8659594, at *6 (S.D. Fla. Sept. 14, 2009) to argue that she has stated a cause of action for negligence, but this case is not on point and does not help Plaintiff. In *Balaschak*, the Court tackled the issue of whether to dismiss a claim for negligence where the passenger had pleaded that cruise ships owed standards of care different from the standard announced by the Supreme Court in *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625 (1959) because Defendant Celebrity Cruise's conduct giving rise to the incident did not appear to be immediately related to conduct occurring on navigable waters. The *Balaschak* Court also acknowledged that several District Court in Florida "have dismissed claims for negligence (with leave to amend) where passengers have pleaded that cruise ships owed standards of care different from the *Kermarec* standard." *Balaschak,* 2009 WL 8659594, at *6 (collecting cases).

Plaintiff also points out that *Balaschak* held that Plaintiff's negligence claim would be "best tested with a motion for summary judgment," [ECF No. 21 at 10], but conveniently fails to mention that the subject of the Court's decision was Celebrity Cruise's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. *See Balaschak,* 2009 WL 8659594, at *1. The *Balaschak* decision has tangential, if any, applicability to this case and does not salvage Plaintiff's negligence claim. As explained in SMS' opening brief, the only entity arguably alleged to have undertaken a responsibility relating to boarding the vessel, which is when Plaintiff alleges she was injured, is the unidentified XYZ Corporation, not SMS.

Plaintiff's Opposition also does not address the lack of facts establishing how any alleged breach by SMS was the proximate cause of Plaintiff's injury.  Plaintiff similarly ignores and does not address SMS' argument that any alleged duty to warn is limited to "only 'those dangers which are not apparent and obvious to the passenger.'" *Lipkin v. Norwegian Cruise Line Ltd.*, 93 F.Supp.3d 1311, 1320 (S.D. Fla. 2015), which clearly was not the case with the escalator.  [ECF No. 18 at 11.]

### C. Plaintiff's Opposition does not remedy fatal flaws in her breach of warranty of workmanlike performance claim.

In her Opposition, Plaintiff does not dispute that a duty to perform in a wormanlike manner is the same as the duty to exercise reasonable care under negligence law.  [*See* ECF No. 18 at 12 (citing *Am. Marine Tech., Inc. v. M/Y Alchemist*, 526 F. Supp. 3d 1236, 1250 (S.D. Fla. 2021), *aff'd sub nom. Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, No. 21-11336, 2021 WL 4785888 (11th Cir. Oct. 14, 2021).]  Plaintiff simply reiterates that "there is nothing improper about referring to the Defendants as the 'Port Entities' nor is there any comingling of the causes of action." [ECF No. 21 at 11.]  However, as explained above, Plaintiff's argument is unavailing and does not comport with the law in this Circuit or this Court's precedent.

### CONCLUSION

Based on the foregoing, and for all the reasons stated in SMS' Motion to Dismiss, SMS respectfully requests the Court to dismiss Plaintiff's Amended Complaint against it.

DATED: October 25, 2022                                          Respectfully submitted,

By:   */s/ Julia Stepanova*
CHRISTINA BAUGH
Florida Bar No. 1028574
E-mail: Cbaugh@btlaw.com
JULIA STEPANOVA
Florida Bar No. 1021185
E-Mail: Julia.Stepanova@btlaw.com

**BARNES & THORNBURG LLP**
4540 PGA Boulevard, Suite 208
Palm Beach Gardens, FL 33418
Telephone:(561) 473-7570
Facsimile: (561) 473-7561

*Counsel for Defendant SMS International Shore Operations US, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of October, 2022, I caused the foregoing to be served with the Clerk of Court using the CM/ECF system, which will send e-mail notifications of such filing to all counsel of record who made an appearance in this case.

By: */s/ Julia Stepanova*
    JULIA STEPANOVA