UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:22-cv-22152-JEM

NANCY HICKS,

       Plaintiff,

v.

NCL (BAHAMAS) LTD.,
SMS INTERNATIONAL SHORE OPERATIONS US, INC.,
AMERICAN GUARD SERVICES, INC.; and
XYZ CORPORATION

       Defendant.

_____/

## JOINT CONFERRAL REPORT

Plaintiff, NANCY HICKS, and Defendants, NCL (BAHAMAS) LTD, SMS INTERNATIONAL SHORE OPERATIONS US, INC and AMERICAN GUARD SERVICES, INC, by and through undersigned counsel, file this Joint Conferral Report pursuant to the requirements of Local Rule 16.1(b)(2) and this Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge [DE No. 24]:

I.    **Local Rule 16.1(b)(2)**

    A.    **A discussion of the likelihood of settlement**:

The Parties are aware of the benefits of a settlement and have agreed to discuss an amicable resolution of the matter before a Trial.

    B.    **A discussion of the likelihood of appearance of additional parties in the action**:

At this time, the Parties do not anticipate the appearance of additional parties in the action.

    D.    **A proposal for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment**:

The parties will work in good faith to simplify the issues.

    E.    **The necessity or desirability of amendments to the pleadings**:

Unknown at this time. Defendant SMS International Shore Operations US, Inc. filed a

motion to dismiss, a ruling on which may require or result in the desirability of amendment to the complaint.

**F.     A discussion of possible admissions of fact and documents, electronically stored information, or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

The Parties will work together to discuss and stipulate with respect to the admissions of fact and documents, as well as possible stipulations regarding the authenticity of documents to avoid unnecessary proof.

**G.     Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The Parties will continue in good faith to discuss ways of obtaining admissions and stipulations about facts and documents to avoid unnecessary proof and ruling in advance on the admissibility of evidence.

**H.     Suggestions on the advisability of referring matters to a Magistrate Judge or Master:**

At this time, the Parties do not agree to refer any matters to the Magistrate Judge. As to any matters heard by a Magistrate Judge, including those referred by this Court, the Parties reserve the right to appeal decisions of the Magistrate Judge to the District Court Judge. *See* Exhibit "A."

**I.     A preliminary estimate of the time required for trial:**

The trial is expected to last 7-10 days.

**J.     Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

This Court has entered a Scheduling Order addressing conferences before trial, a final pretrial conference, and the trial date.  See DE No. 24.

**K.     Any issues about:**

**(i)     Disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:**

None at this time.

**(ii)     Claims of privilege or protection as trial-preparation materials,**

**including – if the parties agree on a procedure to assert those claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:**

None at this time. The Parties agree to use the procedures set forth in Fed. R. Civ. P. Rule 26(b)(5) regarding any claims of privilege or protection for materials asserted as prepared in anticipation of litigation or trial.

(iii) **When the parties have agreed to use the ESI Checklist available on the Court's website (www.flsd.uscourts.gov), matters enumerated on the ESI Checklist:**

As it is still early in litigation, the Parties have no specific proposals for use of the ESI checklist at this time. The Parties will work in good faith through discovery to reach any agreements and use the ESI Checklist as a guide, if necessary.

II. **Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge [DE No. 24]:**

1. **Whether the trial will be jury or non-jury:**

Plaintiff has demanded a jury trial. [DE No. 1].

2. **An outline of the legal elements of each claim and defense raised by the pleadings:**

Plaintiff's Complaint against the Defendants alleges: Count I (Negligent Failure to Warn against NCL), Count II (Negligent Failure to Warn against Port Entities), Count III (General Negligence against NCL), Count IV (General Negligence of Port Entities), Count V (Breach of Warranty of Workmanlike Performance against Port Entities) and Count VI (Vicarious Liability of NCL)

The standard of care that cruise ship operators owe passengers is ordinary, reasonable care under the circumstances. See *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959). This standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc*., 867 F.2d 1318, 1322 (11th Cir. 1989). "A cruise line must warn passengers only of those dangers that 'the cruise line knows or reasonably should have known,' and 'which are not apparent and obvious to the passenger.'" *Gayou v. Celebrity Cruises, Inc*., 2012 U.S. Dist. LEXIS 77536, *13 (S.D. Fla. June 5, 2012) (citing *Smolnikar v. Royal Caribbean Cruises, Ltd*., 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011)).

Defendants deny any and all liability and damages in this matter. Defendants contend that there was no dangerous condition as alleged by Plaintiff, and/or the allegedly dangerous condition (*to wit,* using an escalator) was open and obvious to any

reasonable person using their ordinary senses and therefore no warning was required. *See Carroll v. Carnival Corp.*, 955 F.3d 1260, 1267 (11th Cir. 2020) ("The open and obvious nature of a dangerous condition negates liability for failure to warn."); *see also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989); *Guevara v. NCL (Bahamas) Ltd:,* 920 F.3d 710, 720 n.5 (11th Cir. 2019) ("An operator of a cruise ship has a duty to warn only of known dangers that are not open and obvious."). "An open and obvious condition is one that should be obvious by the ordinary use of one's senses." *Krug v. Celebrity Cruises, Inc.,* 745 Fed. App'x 863, 866 (11th Cir. 2018). Open and obvious conditions are "discernable through common sense[.]" *Lancaster v. Carnival Corp.,* 85 F. Supp. 3d 1341, 1344 (S.D. Fla. 2015). Defendants further contend that any injuries Plaintiff alleges were caused by her own negligence and/or were pre-existing in nature.

Defendant, NCL, filed its Answer and Affirmative Defenses on August 22, 2022, which is expressly incorporated herein. [DE No. 11]. Defendant, AGS, filed its Answer and Affirmative Defenses on September 21, 2022, which is expressly incorporated herein. [DE No. 16] Defendant reserves the right to amend its affirmative defenses as the case progresses.  Defendant, SMS, filed its Motion to Dismiss on September 30, 2022.  [DE No. 18].  If claims remain against SMS after a ruling on the Motion, SMS will file an Answer and assert affirmative and other defenses.

3. **A good-faith estimate of the specific dollar valuation of actual damages and other relief at issue:**

At this time, Plaintiff estimates that her damages exceed $75,000.

4. **The need for variance from the discovery limitation imposed by the Local Rules and/or the Federal Rules of Civil Procedure, including the ground supporting the requested variance:**

None at this time.


Respectfully Submitted,

**Jason R. Margulies, Esq.**
jmargulies@lipcon.com
**Carol Finklehoffe, Esq.**
cfinklehoffe@lipcon.com
**Brett A. Silvers, Esq.**
bsilvers@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiffs*

**Todd L. Sussman, Esq**.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL  33126
Telephone:      (305) 436-4653
Facsimile:      (305) 468-2132
tsussman@ncl.com
jjara@ncl.com
*Attorneys for Defendant NCL (Bahamas)*

**Frederick E. Hasty III, Esq**.
WICKER, SMITH, O'HARA,
McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com
*Attorneys for Defendant American Guard
Services, Inc*

**D. Austin Bersinger,Esq.**
**Christina Baugh, Esq.**
**Julia Stepanova, Esq**.
BARNES & THORNBURG LLP
4540 PGA Boulevard, Suite 208
Palm Beach Gardens, FL 33418
Telephone:(561) 473-7570
Facsimile: (561) 473-7561
Austin.Bersinger@btlaw.com
CBaugh@btlaw.com
Julia.Stepanova@btlaw.com
*Attorneys for Defendant SMS International
Shore Operations US, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 27, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By:   */s/ Brett A. Silvers*
     **Brett A. Silvers**

<u>**SERVICE LIST**</u>
*Nancy Hicks v. NCL (Bahamas) Ltd., et al.*
**Case No. 22-cv-22152-JEM**

**Jason R. Margulies, Esq.**
jmargulies@lipcon.com
**Carol Finklehoffe, Esq.**
cfinklehoffe@lipcon.com
**Brett A. Silvers, Esq.**
bsilvers@lipcon.com
LIPCON, MARGULIES
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204
*Attorneys for Plaintiffs*

**Todd L. Sussman, Esq**.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL  33126
Telephone:      (305) 436-4653
Facsimile:      (305) 468-2132
tsussman@ncl.com
jjara@ncl.com
*Attorneys for Defendant NCL (Bahamas)*

**Frederick E. Hasty III, Esq**.
WICKER, SMITH, O'HARA,
McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL 33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com
*Attorneys for Defendant American Guard Services, Inc*

**D. Austin Bersinger,Esq.**
**Christina Baugh, Esq.**
**Julia Stepanova, Esq**.
BARNES & THORNBURG LLP
4540 PGA Boulevard, Suite 208
Palm Beach Gardens, FL 33418
Telephone:(561) 473-7570
Facsimile: (561) 473-7561
Austin.Bersinger@btlaw.com
CBaugh@btlaw.com
Julia.Stepanova@btlaw.com
*Attorneys for Defendant SMS International Shore Operations US, Inc.*